1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY PENTON,

11            Plaintiff,                    No. 2:11-cv-0518 KJN P

12        vs.

13   S. HUBBARD, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20            Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff has filed a 47 page complaint, including 131 numbered paragraphs, while naming 12 defendants and an unspecified number Doe defendants.  Although unclear, at first glance it appears plaintiff is pursuing two causes of action, both for retaliation.  On closer reading, it appears plaintiff may be attempting to challenge a prison disciplinary which he alleges was lodged against him in retaliation for plaintiff filing a staff complaint alleging abuse of force. Plaintiff also claims the prison disciplinary was untimely filed and that plaintiff was wrongfully housed in administrative segregation ("ad seg") for 36 months without due process.  Plaintiff claims defendant Bradford and Marrow "colluded" to deprive plaintiff of access to the law library, violating plaintiff's access to the courts.  Although couched in terms of retaliation, it appears plaintiff seeks relief for interference or withholding of plaintiff's mail and/or violating plaintiff's right of access to the courts.

In his second cause of action, plaintiff alleges his mail was wrongfully withheld from him for 8 months, and that an additional 40 days elapsed upon his return from out-to-court status before his mail was returned to plaintiff.  Plaintiff's mail was allegedly withheld from November 17, 2007, until April 28, 2008.  (Dkt. No. 1 at 32.)  Plaintiff also contends that on September 9, 2008, defendant G. Savas wrongfully returned plaintiff's annual package in violation of California Department of Corrections and Rehabilitation ("CDCR") regulations and without prior notice to plaintiff.  (Dkt. No. 1 at 33.)

Plaintiff seeks injunctive relief and monetary damages.

3

1          First, plaintiff complains of conduct by prison officials at California State Prison,

2   Sacramento ("CSP-SAC").   At the time plaintiff filed the instant complaint, he was housed at the

3   Salinas Valley State Prison in Soledad, and was then transferred to the California State Prison in

4   Corcoran.   Because plaintiff is no longer housed at CSP-SAC, his claims for injunctive relief

5   against prison officials at California State Prison-Sacramento are moot.   Where a prisoner is

6   seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to

7   another prison renders the request for injunctive relief moot, unless there is some evidence of an

8   expectation of being transferred back.   See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

9   Johnson v. Moore, 948 F. 2d 517, 519 (9th Cir. 1991) (per curiam).   Plaintiff has raised no

10  allegation suggesting that plaintiff will be transferred back to CSP-SAC.   Therefore, plaintiff

11  should not renew his requests for injunctive relief in any amended complaint.

12         Second, the screening of plaintiff's complaint was made difficult by plaintiff's

13  reciting every alleged slight against him, as well as incorporating specific actions taken on

14  plaintiff's grievances, some of which bear no relevance to plaintiff's potentially cognizable civil

15  rights claims.   Plaintiff appears to allege that some defendants are liable based solely on their role

16  in the inmate grievance process.   However, prisoners have no stand-alone due process rights

17  related to the administrative grievance process.   See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

18  1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no

19  liberty interest entitling inmates to a specific grievance process).   Put another way, prison

20  officials are not required under federal law to process inmate grievances in a specific way or to

21  respond to them in a favorable manner.   Because there is no right to any particular grievance

22  process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process

23  rights based on allegations that prison officials ignored or failed to properly process grievances.

24  See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's

25  allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable

26  claim under the First Amendment); Walker v. Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal.

4

Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov.20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Therefore, plaintiff shall omit allegations concerning the handling of administrative appeals, and details concerning exhaustion of administrative appeals, in particular those unrelated to cognizable civil rights claims, as described more fully below, from any amended complaint.

The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint. In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." Id. at 1179. Plaintiff is encouraged to use the form complaint provided by the court, and to refrain

from reciting a diary of events.  Failure to comply with this order may result in the court

imposing a page limit on plaintiff's further filings.

Third, plaintiff has failed to link each defendant with the alleged violation of

plaintiff's constitutional rights.  The Civil Rights Act under which this action was filed provides

as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

§ 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

(no affirmative link between the incidents of police misconduct and the adoption of any plan or

policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

affirmative act, participates in another's affirmative acts or omits to perform an act which he is

legally required to do that causes the deprivation of which complaint is made."  Johnson v.

Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of respondeat superior and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

there is no evidence of personal participation).  Vague and conclusory allegations concerning the

involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Fourth, plaintiff provided no charging allegations as to defendants Hubbard and O'Brian.  Moreover, it appears plaintiff named defendant Hubbard solely in her capacity as Director of the CDCR.  Absent facts supporting an affirmative act, participation in another's act, or a specific failure to act in the face of a duty requiring Hubbard to act, plaintiff should not re-name Hubbard as a defendant in any amended complaint.

Fifth, plaintiff alleges defendant Gaddi delivered plaintiff nine pieces of mail dated from November 17, 2007, through April 28, 2008.  (Dkt. No. 1 at 32.)  Plaintiff raises no other claims against defendant Gaddi, and this single allegation does not state a cognizable civil rights claim against defendant Gaddi.  Without more, plaintiff should not rename Gaddi as a defendant in any amended complaint.

Sixth, plaintiff has failed to allege facts addressing each element of a retaliation claim.  In order to state a claim under 42 U.S.C. § 1983 for retaliation, plaintiff must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  Rizzo v. Dawson, 778 F.2d 527 (9th Cir. 1985).  Plaintiff must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807-08 (9th Cir. 1995) (there must be probative evidence to establish a crucial link in the logical chain required to support retaliation; timing alone is insufficient).  Plaintiff is required to show that the exercise of his First Amendment rights was chilled, although not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  "[A] viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

7

(5) the action did not reasonably advance a legitimate correctional goal." Id., 408 F.3d at 567-68.

In the instant complaint, plaintiff has recited a litany of facts and alleged transgressions, but has failed to allege a specific link between the alleged fact and the exercise of a constitutional right.  Plaintiff will be provided an opportunity to amend the complaint provided plaintiff can set forth specific facts indicating that defendants knew that plaintiff had engaged in a protected activity and that, because of that activity, defendants harassed him.

Seventh, it appears plaintiff alleges certain defendants interfered with plaintiff's access to the courts.  An inmate has a constitutionally protected right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  A prisoner claiming that his right of access to the courts has been violated must show that:  1) plaintiff's access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded.  To prevail, however, it is not enough for an inmate to show some sort of denial.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis v. Casey, 518 U.S. 343, 348 (1996).

In Lewis v. Casey, the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  Id. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id. at 356.  Under Lewis v. Casey, prison officials violate this constitutional right to access the courts if, by their acts, they prevent an inmate from bringing, or caused an inmate to lose, an actionable claim of this type.  Id.

Therefore, plaintiff should not renew any access to courts claim absent his ability to demonstrate that a particular defendant's interference with plaintiff's access to the courts

1  caused plaintiff to suffer an actual injury as defined in <u>Lewis v. Casey</u>.

2  Eighth, with regard to plaintiff's allegation that his mail was withheld from

3  November 17, 2007, to April 28, 2008, it appears plaintiff may be able to state a cognizable civil

4  rights claim based on a defendant's failure to forward plaintiff's mail while plaintiff was out to

5  court for eight months, as well as for the 40 day delay once plaintiff was returned to CSP-SAC.

6  Prisoners enjoy a First Amendment right to send and receive mail.  <u>See</u> <u>Witherow v. Paff</u>, 52

7  F.3d 264, 265 (9th Cir. 1995) (citing <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 407 (1989)).  In

8  connection with this claim, plaintiff should name only those defendants responsible for

9  withholding plaintiff's mail or delaying delivery of plaintiff's mail once plaintiff returned to

10  CSP-SAC.  Plaintiff must also allege specific facts demonstrating how each defendant actually

11  caused the deprivation of plaintiff's First Amendment rights.  Plaintiff should include this

12  interference with mail claim in any amended complaint.

13  However, to the extent that the allegedly wrongful return of plaintiff's annual

14  package on September 9, 2008, was an isolated incident, this allegation fails to state a cognizable

15  civil rights claim.  Limited incidents of improper handling of inmate mail are not actionable as a

16  constitutional violation.  <u>Stevenson v. Koskey</u>, 877 F.2d 1435, 1441 (9th Cir. 1989); <u>see</u> <u>Crofton</u>

17  <u>v. Roe</u>, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay in mail

18  processing does not violate prisoner's First Amendment rights).  An isolated incident of mail

19  mishandling is mere negligence not actionable under 42 U.S.C. § 1983.  <u>Evans v. Evans</u>, 2007

20  WL 4969524 (C.D. Cal. 2007), citing <u>Daniels v. Williams</u>, 474 U.S. 327, 334-35 (1986).

21  Ninth, if plaintiff is alleging his due process rights were violated by the prison

22  disciplinary, this claim is barred.  In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States

23  Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly

24  unconstitutional conviction or imprisonment cannot be maintained absent proof "that the

25  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

26  invalid by a state tribunal authorized to make such determination, or called into question by a

9

1  federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

2  Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case

3  would necessarily invalidate his conviction or sentence. Id.

4         In Edwards v. Balisok, 520 U.S. 641 (1997), the United States Supreme Court

5  extended the rule of Heck v. Humphrey, 512 U.S. 477 (1994), to prison disciplinary proceedings.

6  Specifically, challenges to prison disciplinary proceedings are not cognizable under 42 U.S.C.

7  § 1983 if "'the nature of the challenge to the procedures [is] such as necessarily to imply the

8  invalidity of the judgment.' If the court concludes that the challenge would necessarily imply the

9  invalidity of the judgment or continuing confinement, then the challenge must be brought as a

10  petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024

11  (9th Cir. 1997) (quoting Balisok, at 645).

12         To the extent plaintiff challenges the guilty finding resulting from the 2007 rules

13  violation report, such a challenge would implicate the validity of the disciplinary conviction for

14  which plaintiff was assigned to segregated housing for 36 months.  Plaintiff has made no

15  showing that the disciplinary conviction has been invalidated.  Therefore, plaintiff should not

16  include this due process challenge in any amended complaint.

17         Finally, plaintiff has named an unspecified number of Doe defendants.  The Ninth

18  Circuit has held that where the identity of a defendant is unknown prior to the filing of a

19  complaint, the plaintiff should be given an opportunity through discovery to identify the

20  unknown defendants, unless it is clear that discovery would not uncover the identities or that the

21  complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163

22  (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980)).  However,

23  plaintiff does not list the number of Doe defendants named as "Does 1 - ?," nor does he identify

24  which defendant Doe committed what alleged act.  This is insufficient to put prospective

25  defendants on notice of their alleged actions or omissions that plaintiff claims violated his federal

26  rights.  In order to link these Doe defendants to the alleged acts or omissions that demonstrate a

1  violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the

2  defendants involved or attribute specific acts to a Doe defendant.  For example, plaintiff should

3  try to allege the specific act that the Doe defendant did, such as, "John Doe 1 failed to forward

4  my mail November 17, 2007 to April 28, 2008."  Plaintiff is reminded that "[a] plaintiff must

5  allege facts, not simply conclusions, that show that an individual was personally involved in the

6  deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

7          For all of the above reasons, the court finds the allegations in plaintiff's complaint

8  so vague and conclusory that it is unable to determine whether the current action is frivolous or

9  fails to state a claim for relief.  The court has determined that the complaint does not contain a

10  short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules

11  adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

12  claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

13  Plaintiff must allege with at least some degree of particularity overt acts which defendants

14  engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the

15  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

16  however, grant leave to file an amended complaint.

17          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

19  Rizzo v. Goode, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each

20  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there

21  is some affirmative link or connection between a defendant's actions and the claimed

22  deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 at

23  743.  Furthermore, vague and conclusory allegations of official participation in civil rights

24  violations are not sufficient.  Ivey, 673 F.2d at 268.

25          In addition, plaintiff is hereby informed that the court cannot refer to a prior

26  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  July 11, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pent0518.14

1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY PENTON,

11          Plaintiff,                          No. 2:11-cv-0518 KJN P

12      vs.

13   S. HUBBARD, et al.,                        NOTICE OF AMENDMENT

14          Defendants.

15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____   Amended Complaint

19   DATED:

20

21                                   _____

22                                   Plaintiff

23

24

25

26