1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY PENTON,

11            Plaintiff,               No. 2:11-cv-0518 KJN P

12       vs.

13   S. HUBBARD, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff consented to proceed before the undersigned for all purposes.  <u>See</u> 28

17   U.S.C. § 636(c).  Plaintiff filed a request for reconsideration of this court's order filed July 13,

18   2011, which dismissed plaintiff's complaint without prejudice, and granted plaintiff leave to file

19   an amended complaint.  Specifically, plaintiff claims he is not challenging the guilty finding that

20   resulted in his placement in administrative segregation ("ad seg"), but alleges that his Eighth and

21   Fourteenth Amendment rights were violated by the unlawfully-imposed, atypical and punitive

22   placement in ad seg as a result of the prison disciplinary.  Plaintiff contends that his prison

23   disciplinary claim is similar to the claim raised in <u>Muhammad v. Close</u>, 540 U.S. 749 (2004),

24   which was allowed to go forward.

25          Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld

26   unless "clearly erroneous or contrary to law."  <u>Id.</u>

1

1       On August 12, 2011, plaintiff filed an amended complaint raising only his claims

2   concerning interference with plaintiff's incoming and legal mail.  These allegations concerning

3   mail delivery are unrelated to the prison disciplinary that plaintiff also seeks to challenge.

4       Plaintiff seeks leave to amend to add his challenge to the prison disciplinary

5   which was not included in the amended complaint.  Plaintiff may join multiple claims if they are

6   all against a single defendant. Fed. R. Civ. P. 18(a).  Unrelated claims against different

7   defendants must be pursued in multiple lawsuits.

8           The controlling principle appears in Fed. R. Civ. P. 18(a):  "A
            party asserting a claim . . . may join, [] as independent or as
9           alternate claims, as many claims . . . as the party has against an
            opposing party."  Thus multiple claims against a single party are
10          fine, but Claim A against Defendant 1 should not be joined with
            unrelated Claim B against Defendant 2.  Unrelated claims against
11          different defendants belong in different suits, not only to prevent
            the sort of morass [a multiple claim, multiple defendant] suit
12          produce[s], but also to ensure that prisoners pay the required filing
            fees-for the Prison Litigation Reform Act limits to 3 the number of
13          frivolous suits or appeals that any prisoner may file without
            prepayment of the required fees.  28 U.S.C. § 1915(g).

14

15  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of

16  defendants not permitted unless both commonality and same transaction requirements are

17  satisfied).

18          Plaintiff's amended complaint is 43 pages long and names seven defendants who

19  are not the same defendants involved in the 2007 prison disciplinary.  Allowing plaintiff to file a

20  second amended complaint to include his challenge to the unrelated 2007 prison disciplinary

21  would only complicate and unduly delay this action.  Thus, further amendment in this action is

22  not appropriate.

23          Moreover, prisoners are required to exhaust administrative remedies prior to filing

24  in federal court; exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v.

25  Nussle, 534 U.S. 516, 524 (2002).  A final decision from the Director's level of review satisfies

26  the exhaustion requirement under § 1997e(a).  Barry v. Ratelle, 985 F.Supp. 1235, 1237-38 (S.D.

2

1    Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).

2            In the original complaint, plaintiff checked the box noting that he had completed

3    the grievance process.  (Dkt. No. 1 at 2.)  However, plaintiff attached a copy of the Inmate

4    Appeals Tracking System, Level III, from the California Department of Corrections and

5    Rehabilitation, for plaintiff's inmate number.  (Dkt. No. 1 at 45.)  The list of appeals accepted to

6    the third level include two for disciplinary issues; however, one is for appeal SAC-08-02341, and

7    the other for SAC-09-01295, respectively filed in 2008 and 2009.  (Dkt. No. 1 at 45.)  Plaintiff's

8    original complaint states that plaintiff is challenging the August 29, 2007 disciplinary C-07-08-

9    082.  (Dkt. No. 1 at 11.)  Because the disciplinaries referenced on the tracking form were

10   challenged in 2008 and 2009, it does not appear that plaintiff exhausted the challenge to the 2007

11   prison disciplinary to the third level of review.[1]

12           Accordingly, plaintiff's motion for reconsideration is partially granted.  Upon

13   reconsideration, the dismissal of the complaint without prejudice is affirmed.  However, if

14   plaintiff can allege facts demonstrating that this claim is similar to Muhammad, 540 U.S. at 749,

15   and exhausted his administrative remedies as to this claim, plaintiff may file a new civil rights

16   action challenging the prison disciplinary.

17           Therefore, IT IS HEREBY ORDERED that:

18           1.  Plaintiff's July 29, 2011 motion for reconsideration (dkt. no. 14) is partially

19   granted;

20           2.  Upon reconsideration, the July 13, 2011 order dismissing the original

21   complaint without prejudice (dkt. no. 11), is affirmed.  However, as noted above, plaintiff may

22   file a new action if he wishes to pursue his challenge to the prison disciplinary; and

23   ////

24   ////

25   _____

26           [1]  In 2007, a "staff complaint" was appealed to the third level, SAC-07-01905, but it is
     unclear whether that appeal included a challenge to the 2007 prison disciplinary.

1          3.  The Clerk of the Court is directed to send plaintiff the forms for filing a civil

2   rights complaint and an application to proceed in forma pauperis.

3   DATED:  October 31, 2011

4

5                                                KENDALL J. NEWMAN

6                                                UNITED STATES MAGISTRATE JUDGE

7   pent0518.850

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26