UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON,<br><br>        Plaintiff,<br><br>    v.<br><br>S. NUNEZ,<br><br>        Defendant. | No. 2:11-cv-0518 GEB KJN P<br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding without counsel. On October 10, 2013, service of process on defendant Nunez was returned unexecuted. Prison officials at the California State Prison, Sacramento ("CSP-SAC"), reported that defendant Nunez was no longer employed by CSP-SAC, and had no forwarding address. (ECF No. 51.) On October 15, 2013, plaintiff filed a motion to compel the discovery of defendant Nunez' address, and/or to appoint counsel for plaintiff.

    Plaintiff asks the court to direct the U.S. Marshal to locate defendant Nunez, relying on Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990). Plaintiff's reliance on Sellers, however, is unavailing. In Sellers, the inmate provided sufficient information to accomplish service of process on the named defendant, but the U.S. Marshal failed to follow up with personal service. Id. Here, the defendant is no longer employed at CSP-SAC, and left no forwarding address at CSP-SAC. (ECF No. 51.) Thus, the U.S. Marshal could not perform personal service.

1

1    In an abundance of caution, the court will seek the assistance of the Supervising Deputy
2 Attorney General, Monica Anderson.  The court requests that Ms. Anderson take all steps
3 necessary to enlist the assistance from the California Department of Corrections and
4 Rehabilitation ("CDCR")  to obtain defendant Nunez' current address so that the court can direct
5 the U.S. Marshal to serve process without further delay.  Pursuant to this court's prior order, the
6 United States Marshal "maintain[s] the confidentiality of all information provided by the CDCR
7 pursuant to" that order.  (ECF No. 48.)  Therefore, Ms. Anderson may provide the U.S. Marshal
8 with defendant Nunez' current address, and notify the court that the address was provided.  Once
9 the court receives confirmation that the address was provided, the court will direct the U.S.
10 Marshal to execute service of process.  The court requests that the information be provided within
11 thirty days from the date of this order.
12    Plaintiff is cautioned, however, that service of process must be effected within 120 days of
13 the filing of the complaint unless plaintiff demonstrates good cause.  Fed. R. Civ. P. 4(m).
14 If a CDCR employee by the name of S. Nunez cannot be located, this action must be dismissed
15 based on a failure to comply with Rule 4(m).
16    Plaintiff's motion for appointment of counsel is denied for the reasons set forth in this
17 court's September 10, 2012 order.  (ECF No. 39.)
18    Accordingly, IT IS HEREBY ORDERED that:
19    1. Plaintiff's motion to compel discovery (ECF No. 52) is partially granted.
20    2. Supervising Deputy Attorney General Monica Anderson is requested to take all steps
21 necessary to enlist the assistance from the CDCR to obtain defendant Nunez' current address;
22 within thirty days from the date of this order, Ms. Anderson is requested to provide the address to
23 the U.S. Marshal and so inform the court.  If defendant Nunez cannot be located, Ms. Anderson
24 should so advise.
25    3. The Clerk of the Court is directed to serve a copy of this order on Monica Anderson,
26 Supervising Deputy Attorney General.
27 ////
28 ////

4.  Plaintiff is granted an additional ninety days in which to serve process on defendant Nunez.

Dated:  November 27, 2013

pent0518.8fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE