1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY PENTON,                          No.  2:11-cv-0518 GEB KJN P

12              Plaintiff,

13        v.                                  ORDER AND ORDER TO SHOW CAUSE

14   S. NUNEZ,

15              Defendant.

16

17   I.  Introduction

18        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis.  Service of

19   process on S. Nunez, the sole remaining defendant, has been returned unexecuted.  Plaintiff has

20   filed a motion to compel discovery of defendant Nunez's current address and/or request for

21   appointment of counsel.  As explained below, the court denies plaintiff's motion, and orders

22   plaintiff to show cause why this action should not be dismissed.

23   II.  Background

24        In his original complaint, plaintiff named several individuals as defendants.  However, the

25   original and amended complaints were dismissed, and in the operative second amended

26   complaint, plaintiff named only S. Nunez as a defendant.  (ECF No. 44.)  The Marshal's first

27   attempt at service of process was returned unexecuted on October 10, 2013.  (ECF No. 51.)  By

28   order filed November 27, 2013, plaintiff's motion to compel discovery of defendant Nunez's

                                             1

1   address was partially granted, and the Supervising Deputy Attorney General was asked to take all

2   steps necessary to enlist the assistance from the California Department of Corrections and

3   Rehabilitation ("CDCR") to obtain defendant Nunez's current address, and to provide such

4   information to the U.S. Marshal.  (ECF No. 53.)  On December 17, 2013, the Supervising Deputy

5   Attorney General filed a notice of compliance.  (ECF No. 54.)  On January 17, 2014, service of

6   process on defendant Nunez was again returned unexecuted.  (ECF No. 55.)  The returned service

7   was marked return to sender, wrong address.  (ECF No. 55.)  On February 13, 2014, the court

8   again asked the Supervising Deputy Attorney General to take all steps necessary to locate

9   defendant Nunez's current address and notify the U.S. Marshal.  (ECF No. 56.)  The Marshal's

10  office confirmed that service of process at three different addresses was ineffective.

11      Plaintiff was cautioned that if such address could not be located through the CDCR, this

12  action must be dismissed based on a failure to comply with Rule 4(m) of the Federal Rules of

13  Civil Procedure.  (ECF No. 56 at 2 n.1.)  Plaintiff was reminded that he could seek such

14  information through the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or

15  other means available to plaintiff.  (ECF No. 56 at 2 n.1.)

16      On March 13, 2014, the Supervising Deputy Attorney General confirmed that the address

17  previously provided to the U.S. Marshal was the last known address for defendant Nunez.  (ECF

18  No. 57.)

19      On March 26, 2014, the court informed plaintiff that the last known address for defendant

20  Nunez had been provided to the U.S. Marshal, but that such service was returned unexecuted.

21  (ECF No. 58.)  Accordingly, it was incumbent upon plaintiff to provide additional information to

22  serve defendant Nunez, and plaintiff was cautioned that failure to provide such information would

23  result in the dismissal of this action.  (ECF No. 58 at 2.)

24      On May 15, 2014, plaintiff filed the instant motion to compel discovery or appoint

25  counsel.  Plaintiff appended a request for production of documents, pursuant to California Public

26  Records Act §§ 6250-6270, directed to the CDCR CSP-SAC litigation coordinator.  (ECF No. 59

27  at 5-7.)  Plaintiff seeks to compel discovery of defendant Nunez's current and previous addresses,

28  current and previous employer's addresses, and phone numbers.  Plaintiff also seeks to compel

1  discovery of the defendant's CDCR duty roster and personnel records that might help plaintiff

2  pursue the allegations in his original complaint, including departmental directives, local prison

3  procedures, regulations, policies and practices to include directives, bulletins, and instructions to

4  mail room personnel from 2007 to 2010 dealing with the processing of inmate outgoing and

5  incoming regular and legal mail.  (ECF No. 59 at 3.)  Plaintiff argues that prison regulations

6  forbid prisoners to obtain personal information on prison staff, which makes it difficult for

7  plaintiff to pursue service of process on defendant S. Nunez.  Thus, plaintiff seeks appointment of

8  counsel to assist him in locating defendant Nunez, citing Johnson v. Howard, 20 F.Supp.2d 1128,

9  1129 (W.D. Mich. 1998.)

10  III.  Legal Standards

11       Because plaintiff is proceeding in forma pauperis, he is responsible for providing the court

12  with current addresses for all defendants so that service can be accomplished.  See Walker v.

13  Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner,

14  515 U.S. 472  (1995).  Rule 4 of the Federal Rules of Civil Procedure provides that:

15       [i]f a defendant is not served within 120 days after the complaint is
16       filed, the court -- on motion or on its own after notice to the
         plaintiff -- must dismiss the action without prejudice against that
17       defendant or order that service be made within a specified time. But
         if the plaintiff shows good cause for the failure, the court must
18       extend the time for service for an appropriate period.

19  Fed. R. Civ. P. 4(m).

20       In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon

21  order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3); 28 U.S.C.

22  § 1915(d). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on

23  the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by

24  having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk

25  has failed to perform his duties.'"  Walker, 14 F.3d at 1422 (quoting Puett v. Blandford, 912 F.2d

26  270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to

27  identify the defendant, the marshal's failure to effect service is 'automatically good cause. . . .'"

28  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)).

1  Thus, while an incarcerated pro se litigant proceeding in forma pauperis is entitled to rely on the

2  service of the summons and complaint by the U.S. Marshal, the U.S. Marshal can attempt service

3  only after being provided with the necessary information to effectuate service.  Puett, 912 F.2d at

4  275.

5       However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient

6  information to effect service of the summons and complaint, the court's sua sponte dismissal of

7  the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

8  IV.  Discussion

9       As plaintiff has been previously informed, because plaintiff has been unable to ascertain

10  the proper location where defendant S. Nunez may now be served, he must remedy the situation

11  or face dismissal of his claims against defendant Nunez.  See Walker, 14 F.3d at 1421-22

12  (holding prisoner failed to show cause why prison official should not be dismissed under Rule

13  4(m) where prisoner failed to show he had provided Marshal with sufficient information to

14  effectuate service).  The court has sought the assistance of the CDCR, through the Supervising

15  Deputy Attorney General, on two separate occasions, and service of process on defendant

16  Nunez's last known address held by the CDCR has been returned unexecuted.  Because it appears

17  the CDCR does not have a more current address for defendant Nunez, discovery on the CDCR

18  would not be productive.

19       Plaintiff seeks to compel the CSP-Sac litigation coordinator to comply with the California

20  Public Records Act and produce the information requested therein (ECF No. 59 at 6-7).  Plaintiff

21  is advised that, under Rule 34 of the Federal Rules of Civil Procedure, "[a]ny party may serve on

22  any other party a request" for production of documents.  Fed. R. Civ. P. 34.  Here, however, the

23  litigation coordinator is not a party to this action, so the court cannot compel the litigation

24  coordinator to produce documents pursuant to Rule 34.  See Hatch v. Reliance Ins. Co., 758 F.2d

25  409, 415-16 (9th Cir. 1985); Viera v. Woodford, 258 Fed. Appx. 924, 2007 WL 4357761 *1 (9th

26  Cir. 2007) ("the district court did not abuse its discretion by denying [a state prisoner's] motion to

27  compel production of documents from non-parties under Fed. R. Civ. P. 34. . . .").  See also

28  ////

4

1  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 111-12 (1969) (court is unable to

2  issue orders against individuals who are not parties to a suit pending before it).

3       In addition, plaintiff cites no authority for his request to obtain general discovery in an

4  effort to resuscitate claims long since dismissed.  See Armstrong v. Runnels, 2008 WL 1701906

5  (E.D. Cal. April 10, 2008) ("While the court can make reasonable orders for opposing counsel to

6  obtain and provide information that would assist in effecting service of process on a defendant

7  whose identity is known, the court cannot direct opposing counsel to conduct a fishing expedition

8  that may or may not reveal the correct name of a defendant.  There simply is no basis in the law

9  for the court to make such an order.")

10      Plaintiff's reliance on an out of circuit district court case is similarly unavailing.  In

11 Johnson v. Howard, 20 F.Supp.2d at 1129, the prisoner's claim had survived summary judgment

12 and the prisoner was in need of witnesses and preparation for trial.  Id.  Here, service of process

13 has not yet been accomplished, so the court is unable to determine the plaintiff's likelihood of

14 success on the merits of his claims.  Moreover, under Ninth Circuit authority, plaintiff must

15 provide the name and address of the individual named as a defendant to the U.S. Marshal for

16 service of process.  Walker, 14 F.3d at 1422; Puett, 912 F.2d at 275; Furnace v. Knuckles, 2011

17 WL 3809770 at *2 (N.D. Cal. Aug. 29, 2011) ("It is plaintiff's responsibility to provide accurate

18 addresses for defendants in order that they can be served by the United States Marshal."); Aguirre

19 v. Monk, 2011 WL 2149087 at *14 (N.D. Cal. June 1, 2011) ("Although the court can and does

20 have the U.S. Marshal serve process on defendants routinely in in forma pauperis cases, it is the

21 plaintiff's responsibility to provide a name and address for each defendant to be served.").

22      Accordingly, plaintiff's motion to compel is denied.

23      For the reasons set forth in this court's September 10, 2012, plaintiff's alternative request

24 for the appointment of counsel is denied.

25 V.  Conclusion

26      Plaintiff was required to serve defendant Nunez within 120 days after the second amended

27 complaint was filed on November 15, 2012.  On June 25, 2013, the court issued its screening

28 order.  The U.S. Marshal was first directed to serve process on defendant Nunez on August 2,

1  2013.  (ECF No. 48.)  On two separate occasions, November 27, 2013, and February 13, 2014,

2  plaintiff was granted ninety day extensions of time in which to serve defendant Nunez.  It has

3  now been over a year since the court issued its screening order, and plaintiff has not accomplished

4  service of process on defendant Nunez, despite the court's efforts to assist him.  In light of the

5  foregoing, the court orders plaintiff to show cause, within thirty days, why this action should not

6  be dismissed for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

7        Accordingly, IT IS HEREBY ORDERED that:

8      1.  Plaintiff's motion (ECF No. 59) is denied; and

9      2.  Plaintiff shall show cause, within thirty days, why this action should not be dismissed

10  for failure to serve defendant Nunez pursuant to Rule 4(m) of the Federal Rules of Civil

11  Procedure.

12  Dated:  August 22, 2014

13

14  /pent0518.sop

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28