UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON, | No. 2:11-cv-0518 GEB KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| HUBARD, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel. On February 27, 2015, the undersigned recommended that this action be dismissed based on plaintiff's failure to timely file a proposed third amended complaint. Subsequently, plaintiff filed a motion for reconsideration and later submitted his proposed third amended complaint. Good cause appearing, the February 27, 2015 findings and recommendations are vacated. Because the recommendations are vacated, plaintiff's request for extension of time to file objections and his second request for reconsideration of such recommendations are denied as moot.

    On August 26, 2014, plaintiff was ordered to show cause why this action should not be dismissed based on his failure to serve process on defendant Nunez, the sole remaining defendant herein. Plaintiff filed a response to the order to show cause and a request for equitable reconsideration in which he sought leave to amend. On March 13, 2015, plaintiff submitted his

1

proposed third amended complaint. As set forth more fully below, the undersigned recommends that plaintiff's request for equitable reconsideration and to file a third amended complaint be denied, and that this action be dismissed based on plaintiff's failure to timely serve process on defendant Nunez.

II. Plaintiff's Request for Equitable Reconsideration

On November 10, 2014, plaintiff filed a request for "equitable reconsideration" in which he contends that, *inter alia*, he discovered new evidence indicating that a previously-dismissed party, defendant Johnson, the mail room supervisor, was responsible for any and all mail held in the mail room (ECF No. 64 at 4), and sought a court order allowing him to file an amended complaint. On November 25, 2014, the court noted that plaintiff failed to provide a proposed third amended complaint with his request for reconsideration, so the court was unable to evaluate plaintiff's request to amend, and directed plaintiff to submit the proposed third amended complaint. (ECF No. 65.) Defendants filed an opposition to plaintiff's request for reconsideration. (ECF No. 66.) As discussed below, plaintiff's motion for reconsideration should be denied.

A. Procedural History

Plaintiff's original complaint was filed on February 24, 2011. The complaint was dismissed, and on August 12, 2011, plaintiff filed an amended complaint. Defendants filed a motion to dismiss, which was granted on September 13, 2012, and plaintiff was granted leave to file a second amended complaint. (ECF No. 40.) Subsequently, on November 15, 2012, plaintiff filed a second amended complaint naming only Nunez as a defendant.

B. Rule 60(b)

Rule 60(b) provides, in pertinent part,

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .

////

2

>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

Fed. Rule 60(b)(2).[1] However, "[a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c).

### C. Discussion

Here, plaintiff's amended complaint was dismissed on September 13, 2012, and plaintiff filed his request for reconsideration on November 10, 2014. As set forth above, motions for reconsideration under Rule 60(b)(2) must be filed within a reasonable time and no more than one year after entry of the order challenged. Thus, plaintiff's motion for reconsideration of the order dismissing plaintiff's claims is untimely, because it was filed over two years after the order was entered.

Moreover, as pointed out by defendants, the alleged "new" evidence submitted by plaintiff is not new to him; plaintiff discussed the materials in his August 12, 2011 amended complaint. (ECF No. 16 at 4.)

Further, plaintiff provided no additional factual allegations to support a cognizable claim against defendant Johnson. Rather, plaintiff points to the Department Operations Manual which states that "[t]he Mailroom supervisor shall have direct supervision of the Mailroom (DOM) and all employees assigned to the Mailroom." (ECF No. 64 at 23.) Plaintiff's proposed claims against defendant Johnson are also based on his supervisorial role. (ECF No. 73 at 2.) As plaintiff was previously informed, supervisory personnel are not liable under § 1983 absent causal links between the individual and the alleged violation. (ECF No. 32 at 28.)

Finally, plaintiff's motion for reconsideration should be denied based on the doctrine of law of the case.

////

---

[1] Plaintiff also sought reconsideration under Rule 59. Fed. R. Civ. P. 59. However, as noted by defendants, Rule 59 applies to motions for a new trial or motions to alter or amend a judgment. Id. This case has not gone to trial and no judgment has been entered. Thus, Rule 59 is not applicable.

Under the doctrine of the law of the case, "a court will not reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001). The court may exercise its discretion to depart from the law of the case only if one of these five circumstances is present: (1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). It is an abuse of discretion for a court to depart from the law of the case without one of these five requisite conditions. Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993).

Pursuant to the September 13, 2012 order, the court found that plaintiff failed to identify an actual injury to support his access to the courts claim, and dismissed his claims against defendants. (ECF No. 40, adopting in full ECF No. 33.) Contrary to plaintiff's argument, the alleged "new" evidence as to defendant Johnson's supervisory liability is not new to plaintiff, as pointed out by defendants, and is not substantially different to warrant revisiting the court's prior ruling. To the extent plaintiff contends that Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), was an intervening change of law requiring this court to depart from its prior ruling on the access to court claim, plaintiff is mistaken. On December 26, 2007, judgment was entered in plaintiff's habeas action filed in the Southern District of California (ECF No. 33 at 20), but Butler did not issue until June 9, 2008. Thus, Butler cannot be fairly described as an intervening change in the law. Plaintiff has failed to demonstrate that any circumstances require the court to depart from its prior ruling.

   D.  Conclusion

For all of the above reasons, plaintiff's motion for reconsideration should be denied.

III. Newly-Named Defendant

Plaintiff seeks leave to amend the complaint to add J.R. Bradford, a "Legal Technical Assistant," as a defendant herein. (ECF No. 64 at 8.) Plaintiff claims that Bradford limited plaintiff's priority legal user ("PLU") access to the law library on August 13, 2008, which allegedly prevented plaintiff from filing a motion for reconsideration of the judgment in his

4

1  habeas action filed in the Southern District of California.  (ECF Nos. 64 at 8; 73 at 13.)  Plaintiff
2  also claims that Bradford had a duty to provide plaintiff access to the law library prior to
3  plaintiff's deadline for filing objections to the findings and recommendations in the Southern
4  District of California habeas action.  (ECF No. 73 at 13.)

5  The Federal Rules provide that leave to amend pleadings "shall be freely given when
6  justice so requires."  Fed. R. Civ. P. 15(a).  "[T]his policy is to be applied with extreme liberality."
7  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (citing DCD
8  Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)).  Where, as here, a responsive
9  pleading has been filed, the following factors are relevant in determining whether to permit a
10 party to amend a pleading:  (1) whether amendment would be futile; (2) bad faith; (3) undue
11 delay; and (4) undue prejudice to the opposing party resulting from permitting the amendment.
12 AmericourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).  Futility
13 alone can justify the denial of leave to amend.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.
14 1995).

15 Of the factors the district court must consider, prejudice to the opposing party carries the
16 greatest weight.  DCD Programs, 833 F.2d at 186-87.  Undue delay, without more, is insufficient
17 to justify denying a motion to amend.  DCD Programs, 833 F.3d at 186.  The futility of
18 amendment, on the other hand, can justify denial of leave to amend even in the absence of
19 prejudice.  Bonin, 59 F.3d at 845 (citing Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604,
20 614 (9th Cir. 1993)); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998)
21 ("Although there is a general rule that parties are allowed to amend their pleadings, it does not
22 extend to cases in which any amendment would be an exercise in futility, or where the amended
23 complaint would also be subject to dismissal . . .") (citations omitted).

24 Here, plaintiff provided a copy of the PLU request signed by plaintiff on August 11, 2008,
25 and denied by Bradford on August 13, 2008.  (ECF Nos. 64 at 83.)  Thus, plaintiff was aware of
26 this denial in 2008, yet failed to name Bradford as a defendant in any of his prior complaints.
27 Similarly, plaintiff was aware of Bradford's actions prior to the deadline for filing objections in
28 the Southern District of California.  The instant action has been pending for over four years.

1 Thus, plaintiff has unduly delayed naming Bradford as a defendant herein, and such delay would
2 prejudice Bradford, who to date has no notice of an alleged claim against her.
3   Importantly, allowing plaintiff to amend the complaint to include a claim against Bradford
4 is also futile because such claim is intertwined with plaintiff's access to the court claim which this
5 court previously dismissed based on plaintiff's failure to demonstrate actual injury.  Thus, such
6 claim is barred by the doctrine of law of the case, and any amendment would be futile.
7   Accordingly, plaintiff's motion to amend the complaint to add Bradford as a defendant
8 should be denied.

9 IV.  Resolution of this Action

10   As set forth above, the operative second amended complaint, plaintiff named only S.
11 Nunez as a defendant.  (ECF No. 44.)  On August 16, 2014, plaintiff was directed to show cause
12 why this action should not be dismissed based on plaintiff's failure to timely accomplish service
13 of process on defendant Nunez.  (ECF No. 61.)  In his 109 page response to the order to show
14 cause, plaintiff sought the equitable reconsideration addressed above, but failed to address the
15 issue of service of process on defendant Nunez.  Rather, plaintiff asked the court to hold the show
16 cause order in abeyance pending resolution of his request for reconsideration.  However, because
17 of the numerous delays in connection with service of process on defendant Nunez, the
18 undersigned declines to hold the show cause order in abeyance.  Of course, plaintiff may file
19 objections to the findings and recommendations.
20   Because service of process on the sole remaining defendant S. Nunez has been
21 unreasonably delayed, in violation of Rule 4(m) of the Federal Rules of Civil Procedure, the
22 undersigned recommends that this action be dismissed without prejudice.

23   A.  Background
24   The Marshal's first attempt at service of process was returned unexecuted on October 10,
25 2013. (ECF No. 51.)  By order filed November 27, 2013, plaintiff's motion to compel discovery
26 of defendant Nunez's address was partially granted, and the Supervising Deputy Attorney
27 General was asked to take all steps necessary to enlist the assistance from the California
28 Department of Corrections and Rehabilitation ("CDCR") to obtain defendant Nunez's current

1 address, and to provide such information to the U.S. Marshal. (ECF No. 53.) On December 17,
2 2013, the Supervising Deputy Attorney General filed a notice of compliance. (ECF No. 54.) On
3 January 17, 2014, service of process on defendant Nunez was again returned unexecuted. (ECF
4 No. 55.) The returned service was marked return to sender, wrong address. (ECF No. 55.) On
5 February 13, 2014, the court again asked the Supervising Deputy Attorney General to take all
6 steps necessary to locate defendant Nunez's current address and notify the U.S. Marshal. (ECF
7 No. 56.) The Marshal's office confirmed that service of process at three different addresses was
8 ineffective.

9   Plaintiff was cautioned that if such address could not be located through the CDCR, this
10 action must be dismissed based on a failure to comply with Rule 4(m) of the Federal Rules of
11 Civil Procedure. (ECF No. 56 at 2 n.1.) Plaintiff was reminded that he could seek such
12 information through the California Public Records Act, Calif. Gov't. Code §§ 6250, et seq., or
13 other means available to plaintiff. (ECF No. 56 at 2 n.1.)

14   On March 13, 2014, the Supervising Deputy Attorney General confirmed that the address
15 previously provided to the U.S. Marshal was the last known address for defendant Nunez. (ECF
16 No. 57.)

17   On March 26, 2014, the court informed plaintiff that the last known address for defendant
18 Nunez had been provided to the U.S. Marshal, but that such service was returned unexecuted.
19 (ECF No. 58.) Accordingly, it was incumbent upon plaintiff to provide additional information to
20 serve defendant Nunez, and plaintiff was cautioned that failure to provide such information would
21 result in the dismissal of this action. (ECF No. 58 at 2.)

22   On August 16, 2014, plaintiff's motion to compel discovery from the CSP-Sac litigation
23 coordinator was denied. (ECF No. 61 at 4.)

24   B.  Legal Standards

25   Because plaintiff is proceeding in forma pauperis, he is responsible for providing the court
26 with current addresses for all defendants so that service can be accomplished. See Walker v.
27 Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner,
28 515 U.S. 472 (1995). Rule 4 of the Federal Rules of Civil Procedure provides that:

7

> [i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker, 14 F.3d at 1422 (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause. . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). Thus, while an incarcerated pro se litigant proceeding in forma pauperis is entitled to rely on the service of the summons and complaint by the U.S. Marshal, the U.S. Marshal can attempt service only after being provided with the necessary information to effectuate service. Puett, 912 F.2d at 275. However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

C. Discussion

Plaintiff was required to serve defendant Nunez within 120 days after the second amended complaint was filed on November 15, 2012. On June 25, 2013, the court issued its screening order. The U.S. Marshal was first directed to serve process on defendant Nunez on August 2, 2013. (ECF No. 48.) On two separate occasions, November 27, 2013, and February 13, 2014, plaintiff was granted ninety day extensions of time in which to serve defendant Nunez. It has now been over a year since the court issued its screening order, and plaintiff has not accomplished service of process on defendant Nunez, despite the court's efforts to assist him. In light of the

foregoing, the undersigned recommends that this action should be dismissed without prejudice based on plaintiff's failure to serve process on sole remaining defendant Nunez pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The February 27, 2015 findings and recommendations (ECF No. 71) are vacated;

2. Plaintiff's request for extension of time (ECF No. 74) is denied as moot;

3. Plaintiff's second request for reconsideration (ECF No. 72) is denied as moot; and

IT IS RECOMMENDED that:

1. Plaintiff's request for reconsideration (ECF No. 64) be denied;

2. Plaintiff's motion to amend (ECF No. 64) be denied; and

3. This action be dismissed without prejudice based on plaintiff's failure to serve defendant S. Nunez pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 12, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pent0518.57