UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON, | No. 2:11-cv-0518 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| HUBBARD, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 2, 2015, after being granted an extension of time to file an appeal, plaintiff filed an appeal and a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  Defendants contend that plaintiff's appeal divests this court of jurisdiction, but seek leave to file a substantive opposition should the court find otherwise.

     As a threshold matter, the court must determine whether it has jurisdiction to entertain the motion.  On the same day plaintiff filed his motion for relief from judgment, he filed a notice of appeal.  (ECF Nos. 83, 85.)  In general, a district court is divested of jurisdiction over any matter which is the subject matter of the appeal.  See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400 (1982) (stating that "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").  However, where a

Rule 60(b) motion for relief from judgment is pending, and was filed no later than 28 days after the judgment was entered, the notice of appeal is not effective until the district court disposes of that motion by order.  Fed. R. App. P. 4(a)(4)(B)(i), (iv).[1]

Here, plaintiff did not file his Rule 60(b) motion within 28 days after judgment was entered, and the motion was not pending when he filed the notice of appeal.  Rather, his Rule 60(b) motion was submitted 97 days after judgment was entered on July 28, 2015, and filed simultaneously with the notice of appeal.  Therefore, the notice of appeal divests this court of jurisdiction to consider plaintiff's motion.

Accordingly, IT IS HEREBY ORDERED that plaintiff's Rule 60(b) motion (ECF No. 85) is dismissed without prejudice for lack of jurisdiction.

Dated:  December 14, 2015

/pent0518.den

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 4(a)(4)(B)(i) states that "If a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a) (4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."  Fed. R. App. P. 4(a)(4)(B)(i).  Subsection (iv) states motion:  "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered."  Fed. R. App. P. 4(B)(iv).