UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ANTHONY PENTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. JOHNSON, J. WALKER, T. VIRGA, B. DONAHOO, J. NUNEZ-RAMIREZ, J. BRADFORD, K. POOL, R. MORROW, R. GADDI, L. QUINN, J. LYNCH, G. SALAS, R. BESENAIZ, AND DOES 1 THROUGH 13,<br><br>　　　　　Defendants. | Case No. 2:11-cv-00518-TLN-KJN P<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

The parties to this action and California State Prison, Sacramento (CSP-SAC), through their undersigned counsel and subject to the approval of the Court, stipulate to the following Protective Order as set forth below:

Disclosure and discovery activity in this action may involve the production of confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This case arises under 42 U.S.C. § 1983 and concerns Plaintiff's claims of civil rights violations that he suffered while he was incarcerated

at the California State Prison-Sacramento, including allegations of denial of mail, denial of law library access, denial of access to the courts, and retaliatory actions for filing inmate appeals. Due to the nature of the evidence related to these claims, the information and materials to be exchanged throughout the course of the litigation between the parties may contain confidential information that may relate to safety and security at the prison and the privacy rights of non-parties to this action. A protective order is needed to ensure the confidentiality of these documents.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

CSP-SAC agrees to produce the following documents pursuant to this Stipulated Protective Order: investigation documents identified in CSP-SAC's June 6, 2019 amended privilege log as items 11 through 11-12, 11-14, 11-21 through 11-25, 11-29 through 11-31, part of 11-32, 11-33, and the spreadsheet of 11-39, all of which are "Highly Confidential – Attorneys Eyes Only."

Portions of the investigation and supporting or related documents that CSP-SAC does not agree to produce are as follows: documents identified in CSP-SAC's June 6, 2019 amended privilege log as items 11-13, 11-15 through 11-20, 11-26 through 11-28, part of 11-32, and 11-34 through 11-43. Plaintiff in no way waives any ability to challenge the bases on which CSP-SAC purportedly relies on to withhold these documents from production, and reserves all of his rights, including Plaintiff's ability to move to compel CSP-SAC to produce such documents.

Documents produced pursuant to this Stipulated Protective Order are referred to as Confidential Information and are subject to the provisions set forth below.

**I.     Definitions**

   **A.     Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

   **B.     "Highly Confidential—Attorneys' Eyes Only" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

   **C.     Counsel:** attorneys who are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

   **D.     Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Highly Confidential—Attorneys' Eyes Only."

   **E.     Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   **F.     Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

   **G.     Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

   **H.     Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel and their support staffs.

   **I.     Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

   **J.     Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.

**K.** **Protected Material:** any Disclosure or Discovery Material that is designated as "Highly Confidential—Attorneys' Eyes Only."

**L.** **Receiving Counsel:** Counsel designated to receive protected information by this stipulation.

## II. <u>Scope</u>

### A. Covered Categories

The protections conferred by this Stipulated Protective Order cover the following categories of material:

1. Documents relating to internal California Department of Corrections and Rehabilitation investigations

2. Documents relating to prison employee information and personnel files.

3. The protections conferred by this Stipulated Protective Order cover not only the documents produced, but also (1) any information copied or extracted from the Protected Material; (2) all copies, excerpts, summaries, or compilations of the Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal the Protected Material.

### B. Information Not Included

The protections conferred by this Stipulated Protective Order do not cover the following information:

1. Any information that is in the public domain at the time of disclosure to Receiving Counsel or becomes part of the public domain after its disclosure to Receiving Counsel as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise;

2. Any information known to Receiving Counsel prior to the disclosure or obtained by Receiving Counsel after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

### III. Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### IV. Designating Protected Material

The parties and CSP-SAC shall designate in good faith any information believed to be Confidential Information. The criteria for such a designation shall be whether Defendants/CSP-SAC believe in good faith that the information is entitled to protection from disclosure under Federal or California state law, including but not limited to confidential employment records of CDCR employees. An inadvertent failure to designate any document as Confidential Information does not, standing alone, waive the protection of such document under this Stipulated Protective Order. If CSP-SAC informs Plaintiff that Plaintiff has received documents from CSP-SAC that should have been designated as Confidential Information but were inadvertently disclosed, Plaintiff shall allow Defendants to designate them as such. The Parties must make reasonable efforts to ensure that Confidential Information is treated in accordance with this Stipulated Protective Order, whether or not designated as such.

If, in CSP-SAC or Defendants' opinion, there are portions of documents that contain information that should not be disclosed under this protective order because to do so may endanger the safety and security of an institution or person (including any present or former inmate or staff member) because the portions of the documents contain confidential non-defendant personal or personnel information, such as non-defendant personnel training history, or any individual home addresses, phone numbers, social security numbers, date of birth, and similar personal identifying information, CSP-SAC or Defendants may redact such sensitive information before providing copies of the documents to Plaintiffs' Counsel and shall notify Plaintiffs'

1 Counsel of the nature of the redacted information.  CSP-SAC or Defendants may also redact
2 certain personally identifiable information regarding other inmates, including names.
3 Notwithstanding the foregoing, Plaintiff hereby expressly reserves all rights to challenge the
4 propriety and/or sufficiency of such redactions at any time.  If any questions arise regarding CSP-
5 SAC's or Defendants' redaction of documents pursuant to this paragraph, the parties shall, as a
6 first means of reaching a resolution, meet and confer to address such questions.

### A. Exercise of Restraint and Care in Designating Material for Protection

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  The parties shall not make clearly unjustified designations or those made for an improper purpose.

The Parties agree to utilize Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the Court's website as a first means to resolve disputes arising from this Stipulated Protective Order.  Nothing herein shall prevent a Party's ability to move to compel for the production of documents or further discovery responses in the event that no resolution of such discovery disputes is reached via the Court's informal discovery dispute conference procedure.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

### B. Manner and Timing of Designations

For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "Highly Confidential—Attorneys' Eyes Only" to each page that contains protected

material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. Alternatively, within fifteen (15) days of receipt of the final certified transcript of any deposition, any Party or Non-Party may request that the original and all copies of the deposition transcript, in whole or in part, be marked "Highly Confidential—Attorneys' Eyes Only." Until fifteen (15) days after the final certified transcript of any deposition, the transcript of that deposition will be subject to the protections granted to "Highly Confidential—Attorneys' Eyes Only" material. In the event a deposition is videotaped, the original and all copies of the videotape shall be marked "Highly Confidential-Attorneys' Eyes Only" by the video technician.

For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Highly Confidential—Attorneys' Eyes Only." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

### C. Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, Receiving Counsel must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### V. Challenging Confidentiality Designations

Any Party or Non-Party may challenge a designation of confidentiality at any time. The Designating Party and the Challenging Party must meet and confer on the issue. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

If the Parties cannot resolve a challenge without court intervention, the parties shall bring the dispute to the court in compliance with Local Rule 251, including the filing of a Joint Statement re: Discovery Disagreement.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. The Parties shall not make frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties). All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**VI.     Access To and Use of Protected Material**

    **A.     Basic Principles**

Receiving Counsel may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for the litigation, preparation for, and trial or settlement of this case. ***Nothing herein shall be construed to restrict or limit any Party in its presentation at trial of evidence relevant to its claims or defenses.*** Protected Material must be stored and maintained by Receiving Counsel at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Any electronic Confidential Information must be stored in password-protected form.

Any Confidential Information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement: "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. If the filing party fails to file such information under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 141 shall be followed.

    **B.     Disclosure of "Highly Confidential—Attorneys' Eyes Only" Information or**

**Items**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, Receiving Counsel may disclose any information or item designated "Highly Confidential—Attorneys' Eyes Only" only to:

1. The Receiving Counsel's staff to whom it is reasonably necessary to disclose the information for this litigation;

2. Experts (as defined in this Order) retained by Receiving Counsel to whom disclosure is reasonably necessary for this litigation;

3. The court and its personnel;

4. Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

5. During their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

6. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Experts (as described in (VI)(B)(2) above) to whom "Highly Confidential—Attorneys' Eyes Only" documents or information are to be disclosed shall be provided and required to read a copy of this Stipulated Protective Order before disclosure of such information to that person. The person must agree to abide by the terms of this Stipulated Protective Order by executing an agreement in the form of Attachment A, that acknowledges that the person has reviewed the Stipulated Protective Order, that the person understands the Stipulated Protective Order, and that the person agrees to abide by the Stipulated Protective Order, and by providing the signed agreement to Counsel who intends to make such disclosure.

No person who has been afforded access to Confidential Information shall disclose or discuss the information, including the identification, location or disciplinary status and history of

any staff member, to or with any person, except in accordance with this Stipulated Protective Order.

**VIII. <u>Unauthorized Disclosure of Protected Material</u>**

If Receiving Counsel learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, Receiving Counsel must immediately:

    1. Notify in writing the Designating Party of the unauthorized disclosures;

    2. Use its best efforts to retrieve all unauthorized copies of the Protected Material;

    3. Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

    4. Request such person or persons to execute the agreement that is attached hereto as Attachment A.

**IX. <u>Miscellaneous</u>**

    **A. Right to Further Relief**

Nothing in this Order abridges the right of any person to seek its modification in the future by the Court or by signed stipulation by all parties.

    **B. Non Parties**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Highly Confidential—Attorneys' Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

    **C. Right to Assert Other Objections**

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

The attorney-client privilege and work-product protection are not waived by inadvertent disclosure or production of documents containing such information under this Stipulated Protective Order.

The provisions of this Stipulated Protective Order are without prejudice to any Party's right to (1) apply to the Court for a further protective order relating to any personnel information or relating to discovery in this litigation; (2) apply to the Court for an order removing personnel information from any documents; (3) apply to the Court for an order removing the designation of Confidential Information made by CSP-SAC or the Parties from a document; (4) object to a discovery request; (5) object on any ground to the introduction of any of the Confidential Information as evidence; or (6) apply to the Court to modify or rescind this Protective Order.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information that party must:

a) Promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

b) Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

If the Designating Party timely seeks a protective order, the party served with the subpoena or Court order shall not produce any Confidential Information before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

**X.     Final Disposition**

Within 60 days after the final disposition of this action, as defined in section III, Receiving Counsel must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section III (Duration).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 16, 2019					SIMPSON THACHER & BARTLETT LLP

By   */s/ Harrison J. Frahn IV*
Harrison J. Frahn IV (SBN: 206822)
hfrahn@stblaw.com
Michael R. Morey (SBN: 313003)
michael.morey@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Plaintiff Anthony Penton*

XAVIER BECERRA
Attorney General of the State of California

By   */s/ Van Kamberian*
Van Kamberian
Deputy Attorney General
California Department of Justice

*Attorneys for Defendants Donahoo, Salas, Walker, Bradford, Lynch, Pool, Quinn, Morrow, Gaddi, Besenaiz, Virga, and Non-Party California State Prison, Sacramento*

By  */s/ Nicole M. Cahill*
Van Longyear
Nicole M. Cahill
LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive
Suite 230
Sacramento, California 95864
Telephone: 916-974-8500
Facsimile: 916-974-8510
2475 Hanover Street
Palo Alto, California 94304
Telephone:  (650) 251-5000
Facsimile:   (650) 251-5002

*Attorneys for Defendant L. Johnson*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  July 17, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pent0518.po

# ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Penton v. Johnson et al.*, No. 2:11-CV-00518-TLN-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____