UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON,<br><br>    Plaintiff,<br><br>    v.<br><br>L. JOHNSON, et al.,<br><br>    Defendants. | No. 2:11-cv-0518 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action. Plaintiff's motion for default judgment against "defendant Nunez-Ramirez" ("Nunez") is pending. The remaining defendants (except defendant Johnson) filed an opposition to the motion for default judgment being entered at this stage of the proceedings. As set forth below, the undersigned recommends that plaintiff's motion be denied without prejudice.

I. Plaintiff's Fourth Amended Complaint

This action proceeds on plaintiff's fourth amended complaint. (ECF No. 104.) Plaintiff's claims against defendant Nunez, a mailroom staff member at CSP-SAC, who also conducted an informal level review of plaintiff's second 602 appeal (ECF No. 104 at 14), are raised in plaintiff's first and second causes of action.

In his first cause of action, plaintiff alleges that defendants Bradford, Morrow, Johnson, Walker, Virga, Donahoo, Nunez, Gaddi, Quinn, Pool and Does 1-11 violated plaintiff's right to

1

access the courts in violation of the First and Fourteenth Amendments. (ECF No. 104 at 20-21.) Plaintiff alleges, *inter alia*, that defendant Pool prevented plaintiff from using the inmate appeal system to proceed with his denial of access to the courts claims arising from the conduct of the remaining defendants. (ECF No. 104 at 24.) "As a result, [plaintiff] was not able to challenge his unconstitutionally increased sentence in light of the Ninth Circuit's opinion in Butler v. Curry," "constitut[ing] active interference with [plaintiff's] right of access to the courts, and resulted in a loss of a substantial, nonfrivolous claim." (Id.)

In his second cause of action, plaintiff alleges that defendants Johnson, Walker, Virga, Donahoo, Nunez, Gaddi, Quinn and Does 1-11, wrongfully withheld plaintiff's mail without notice and with no legitimate penological reasons, from November 8, 2007, through July 29, 2008. (ECF No. 104 at 25.)

II. Default Judgment

A. Standards

Once default has been entered, the plaintiff may apply to the Court for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Generally, default judgments are disfavored. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The choice whether a default judgment should be entered is at the sole discretion of the district court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court."). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. See Aldabe, 616 F.2d at 1092. Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before rendering a decision on default judgment. See Eitel, 782 F.2d at 1471-72. Such factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Id. In applying these Eitel factors, "the factual allegations of the complaint, except those relating to the amount

damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

The Court must also be satisfied that service was proper and that the Court possesses personal jurisdiction over the defendant. See, e.g., Tuli v. Republic of Iraq, 172 F.3d 707, 712 (9th Cir. 1999).

B. Discussion

First, the undersigned expresses concern about the true name of defendant Nunez. Plaintiff accomplished service of process on defendant "Jolene Nunez" on June 13, 2018, and filed a proof of service of summons attesting to proper service. (ECF No. 125.) Therefore, the Court possesses personal jurisdiction over defendant "Jolene Nunez." The Clerk entered default against defendant "Nunez" on October 3, 2018. (ECF No. 142; see also ECF No. 141.) Indeed, counsel for plaintiff requested that default be entered against defendant "Jolene Nunez." (ECF No. 139.)

Now plaintiff moves for default judgment against defendant "Jolene Nunez-Ramirez," including "J. Nunez-Ramirez" as a named defendant in the caption, and claiming that "Jolene Nunez-Ramirez" was named in the fourth amended complaint. (ECF No. 152 at 7.) Indeed, it appears that counsel substituted the name "Nunez-Ramirez" for Nunez, but without any explanation, formal or otherwise, demonstrating that "Jolene Nunez-Ramirez" is the same person as "Jolene Nunez." If plaintiff wishes to obtain a judgment in the name of Jolene Nunez-Ramirez in a case where the operative pleading asserts allegations against a defendant "Nunez," service of process was accomplished on "Jolene Nunez," and a clerk's default was entered as to defendant "Nunez," arguably some evidence is required to demonstrate they are one and the same person. In the alternative, plaintiff could seek judgment in the name of Jolene Nunez, but if Ms. Nunez has indeed changed her name or married, plaintiff may have difficulty enforcing such judgment. Because the record is unclear that defendant Jolene Nunez-Ramirez is the same person as Jolene Nunez, the undersigned recommends that plaintiff's motion be denied without prejudice to renewal upon a proper showing as to the defaulting defendant's true name. It is unclear whether plaintiff is required to amend the complaint to identify defendant Nunez by her true name, or whether the parties may stipulate to have defendant Nunez's true name interlineated by court

order.

Second, in his motion, plaintiff seeks $437,775.00 in compensatory damages, calculated by subtracting plaintiff's cumulative 2020 earnings from his cumulative 2008 earnings, and adding interest at the rate of 2.54 percent per year. (ECF No. 152 at 27-28.) Plaintiff also seeks nominal damages "as symbolic vindication for Nunez-Ramirez's unconstitutional withholding of his mail." (ECF No. 152 at 28.) However, since the filing of plaintiff's motion, plaintiff's habeas petition was denied over his newly-considered objections.[1] The court agrees that plaintiff's access to the courts claim is not barred by Heck,[2] as discussed in the December 5, 2019 findings and recommendations. But it appears disingenuous for plaintiff to seek damages based on lost wages allegedly sustained "while imprisoned as a result of the withholding of his mail and denied access to the court" (ECF No. 152 at 22), when plaintiff argued in opposition to defendants' motion for judgment on the pleadings that plaintiff was not seeking damages for wrongful incarceration but is pursuing such relief through habeas. In his reply, plaintiff argues that even if the court concludes the compensatory damages figure sought "is inaccurate in any way," such finding "should not prevent an entry of default judgment against defendant Nunez-Ramirez for at least nominal damages." (ECF No. 155 at 9.) But by the same token, if plaintiff is entitled to more than nominal damages, just not compensatory damages based on calculations related to an alleged wrongful incarceration, it would appear premature to recommend entry of a nominal damages order at this stage of the proceedings. Such concerns implicate the first and fourth Eitel factors.

Because defendants argue that such claims are barred by Heck, implicating the second Eitel factor,[3] and this court's findings and recommendations are pending before the district court,

---

[1] Plaintiff filed an appeal; on December 4, 2019, the district court granted a certificate of appealability, and on December 9, 2019, the Ninth Circuit ordered the appeal would proceed, and set a briefing schedule. Penton v. Kernan, No. 3:06-cv-0233 WQH RBM (S.D. Cal.); See also No. 19-56201 (9th Cir.).

[2] Heck v. Humphrey, 512 U.S. 477 (1994).

[3] Because these concerns appear to tip the scale away from entry of default judgment at this time, the undersigned declines to address the remaining Eitel factors or other arguments contained in

4

the undersigned finds that plaintiff's motion for default judgment should be denied without prejudice to renewal, but finds the motion should not be renewed until after the district court rules on the findings and recommendations addressing the motion for judgment on the pleadings.

For the above reasons, the undersigned recommends that plaintiff's motion for default judgment be denied without prejudice to its renewal, at the earliest, after the district court addresses the December 5, 2019 findings and recommendations.

VI. Recommendations

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for default (ECF No. 152) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 16, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pent0518.dj1

---

the current briefing.

5