UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON,<br><br>        Plaintiff,<br><br>    v.<br><br>L. JOHNSON, et al.,<br><br>        Defendants. | No. 2:11-cv-00518-TLN-KJN<br><br>**ORDER** |

Plaintiff Anthony Penton ("Plaintiff"), a state prisoner proceeding through counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 5, 2019, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 177.) On December 19, 2019, Defendants Besenaiz,[1] Bradford, Donahoo, Gaddi, Lynch, Morrow, Pool, Quinn, Salas, Virga, Walker, and Johnson (collectively "Defendants") filed Objections to the Findings and Recommendations (ECF Nos. 179–180), to which Plaintiff replied (ECF Nos. 185–

---

[1] Plaintiff's Fourth Amended Complaint refers to this Defendant as "Bezzanes." However, all subsequent filings reference the name "Besenaiz," and the Court will also refer to this Defendant herein as "Besenaiz."

1

186). Plaintiff also filed Objections to the Findings and Recommendations (ECF No. 181), to which all Defendants except Johnson replied (ECF Nos. 181).[2]

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

Defendants (except Johnson) object to the denial of qualified immunity for Defendant Lynch on the basis that there was no caselaw as of June 2008 identifying a "clearly established right" relating to comments about grievances, and the Findings and Recommendations' reliance on the 2009 case *Brodheim v. Cry*[3] was misplaced. (ECF No. 179 at 5.) Defendants' objection misconstrues the careful reasoning of the Findings and Recommendations. While the Findings and Recommendations reference *Brodheim* in the qualified immunity analysis, they also identify a number of cases arising within this circuit in 2008 which support the magistrate judge's analysis. (*See, e.g.*, ECF No. 177 at 20.) Plaintiff also identified a number of Eastern District cases that support the recommendation to deny qualified immunity at this stage in the pleadings. (*See* ECF No. 171 at 31.) Furthermore, the Findings and Recommendations correctly reason that Lynch's comment could be construed as a threat in retaliation for Plaintiff's grievance filing.

---

[2] Defendant Johnson is represented by different counsel from the other Defendants.

[3] *Brodheim v. Cry*, No. CIV S-02-0573-FCD-EFB-P, 2007 WL 2118935, at *1 (E.D. Cal. Jul. 20, 2007), report and recommendation adopted, No. CIV S-02-0573-FCD-EFB-P, 2007 WL 2789467 (E.D. Cal. Sept. 25, 2007), *aff'd in part and rev'd in part*, 584 F.3d 1262 (9th Cir. 2009).

2

Such a comment would infringe upon Plaintiff's clearly established right to be free from retaliation for filing prison grievances. Accordingly, Defendants' objection is overruled.

In addition to filing his own objections, Defendant Johnson requested the Court clarify the Findings and Recommendations to specifically include that Plaintiff may not seek damages for wrongful incarceration. (ECF No. 180 at 2–3.) However, Johnson's request appears unnecessary in light of the fact that the recommendation to deny Defendants' combined motions based on the favorable termination rule was expressly premised on the finding that Plaintiff is only seeking damages for the alleged violation of his access to the courts, and not for wrongful incarceration. (*See* ECF No. 177 at 6–7.) Furthermore, Plaintiff already conceded he is not pursuing wrongful incarceration damages in this action unless he is successful on his federal habeas petition that is currently on appeal to the Ninth Circuit. (*See id.* at 6 (citing ECF No. 104 at 30).) Johnson's request is therefore DENIED as premature at this juncture.

Finally, Plaintiff's objections to the recommendation to grant Defendant Pool qualified immunity are unavailing. The Court declines to reject the reasoning set forth in the Findings and Recommendations and their reliance on *Richey v. Dahne*, 733 F. App'x 881 (9th Cir. 2018), in favor of various unpublished district court cases that are not binding on this Court. Indeed, the Court agrees with Defendants that the cases identified by Plaintiff are easily distinguishable from the instant action and therefore unpersuasive. (*See* ECF No. 184 at 3–5.) Accordingly, Plaintiff's objections are overruled.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed December 5, 2019 (ECF No. 177), are adopted in full;

2. Defendants' Motions for Judgment on the Pleadings (ECF Nos. 167, 169) are GRANTED in part, and DENIED in part, as follows:

    a. Defendants' motions as to Plaintiff's first and second causes of action (access to the courts and withholding of Plaintiff's legal mail), based on lack of standing and the favorable termination rule, are DENIED;

    b. Defendant Pool's motion as to Plaintiff's first and third causes of action (access

to the courts and right to file prison grievances) is GRANTED, without leave to amend, for failure to state a claim;[4]

   c. Defendant Pool's request for qualified immunity as to Plaintiff's fourth cause of action (retaliation) is GRANTED, and Defendant Pool is DISMISSED from this action;

   d. Defendant Lynch's motion and request for qualified immunity as to Plaintiff's fourth cause of action (retaliation) are DENIED, without prejudice; and

   e. Defendants Quinn and Besenaiz's motion as to all new claims asserted against them in the Fourth Amended Complaint (first, second, and fourth causes of action) is GRANTED, without leave to amend, and Defendants Quinn and Besenaiz are DISMISSED from this action.[5]

IT IS SO ORDERED.

DATED: April 10, 2020

       _____
       Troy L. Nunley
       United States District Judge

---

[4] The Court notes the Findings and Recommendations support granting Pool's motion without leave to amend as to the first and third causes of action because Plaintiff has had multiple opportunities to amend and the Court finds Plaintiff cannot cure the defects identified by the Findings and Recommendations through amendment. *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995); *Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009).

[5] To the extent the Findings and Recommendations recommend dismissal of only the fourth cause of action on statute of limitation grounds, the Court finds dismissal of the first and second causes of action on the same grounds is appropriate based on the magistrate judge's findings (*see* ECF No. 177 at 29). Further, because these claims are time-barred, amendment would be futile. Therefore, the claims are dismissed without leave to amend. *Doe*, 58 F.3d at 497; *Gardner*, 563 F.3d at 990.