UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON,<br><br>   Plaintiff,<br><br>  v.<br><br>L. JOHNSON, et al.,<br><br>   Defendants. | No. 2:11-cv-0518 TLN KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff, a state prisoner, proceeds through counsel with a civil rights action. Plaintiff's motion for default judgment against defendant Jolene Nunez is pending. None of the appearing defendants filed an opposition or other response to the motion. As set forth below, plaintiff's motion for default judgment should be denied without prejudice.

I. <u>Plaintiff's Fourth Amended Complaint</u>

  This action proceeds on plaintiff's fourth amended complaint. (ECF No. 104.) Plaintiff's claims against defendant Nunez, a mailroom staff member at CSP-SAC, who also conducted an informal level review of plaintiff's second 602 appeal (ECF No. 104 at 14), are raised in plaintiff's first and second causes of action.

  In his first cause of action, in relevant part, plaintiff alleges that defendants Johnson, Nunez, and Does 1-11 violated plaintiff's right to access the courts in violation of the First and Fourteenth Amendments. (ECF No. 104 at 20-21.) As a result, plaintiff was not able to timely

1

file documents in his habeas action.  In his second cause of action, in relevant part, plaintiff alleges that defendants Johnson, Nunez, and Does 1-11, wrongfully withheld plaintiff's mail without notice and with no legitimate penological reasons, from November 8, 2007, through July 29, 2008.  (ECF No. 104 at 25.)

II. Plaintiff's Motion

Plaintiff moves for default judgment against defendant Jolene Nunez.  (ECF No. 226.)  Plaintiff accomplished service of process on defendant Jolene Nunez on June 13, 2018, and filed a proof of service of summons attesting to proper service.  (ECF No. 125.)  The Clerk entered default against defendant Nunez on October 3, 2018.  (ECF No. 142; see also ECF No. 141.)

III. Default Judgment

A. Standards

Once default has been entered, the plaintiff may apply to the Court for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Generally, default judgments are disfavored.  See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The choice whether a default judgment should be entered is at the sole discretion of the district court.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court.").

In an action with multiple defendants, entry of default judgment must comply with Fed. R. Civ. P. 54, which states:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or *parties only if the court expressly determines that there is no just reason for delay*.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54 (emphasis added).

////

> The leading case on the subject of default judgments in actions involving multiple defendants is <u>Frow v. De La Vega</u>, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872). The Court held in <u>Frow</u> that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants.

<u>In re First T.D. & Inv., Inc.</u>, 253 F.3d 520, 532 (9th Cir. 2001). The Ninth Circuit "extended the rule beyond jointly liable co-defendants to those that are similarly situated, such that the case against each rests on the same legal theory; it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action." <u>Garamendi</u>, 683 F.3d at 1082-83) (internal citations omitted).

### B. Discussion

The court finds that in this case, where the First and Fourteenth Amendment claims against defendant Nunez are factually intertwined with the First and Fourteenth Amendment claims against defendant Johnson and the remaining Doe defendants, it would be inappropriate to enter default judgment before the claims against the remaining defendants have been adjudicated. Defendant Nunez and defendant Johnson are similarly situated given that plaintiff's First and Fourteenth Amendment claims against them are based upon the same or a closely related set of facts. Recently the undersigned recommended that summary judgment motions be denied as to plaintiff's First and Fourteenth Amendment claims against defendant Johnson; thus, such claims are ongoing. Plaintiff's claims against defendant Nunez may ultimately be appropriate for entry of default judgment. However, the undersigned finds that ruling on the motion for default judgment at this stage of the proceedings may end in inconsistent judgments or logically inconsistent results. Under these circumstances, there is just reason for delay in entering default judgment as to defendant Nunez. Therefore, the undersigned recommends that plaintiff's motion for default judgment be denied without prejudice to its renewal once all other claims against the remaining defendants have been fully adjudicated.

////

////

IV. <u>Recommendations</u>

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's renewed motion for default judgment (ECF No. 226) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 16, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pent0518.dj2