UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON, | No. 2:11-cv-0518 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| L. JOHNSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding through counsel. Plaintiff's motion to certify defendant's interlocutory appeal as frivolous is before the court. As set forth below, the undersigned recommends that plaintiff's motion be granted.

Governing Standards

Under 28 U.S.C. § 1291, "circuit courts generally lack jurisdiction to hear interlocutory appeals from the denial of summary judgement." Centeno v. City of Fresno, 2018 WL 1305764, at *1 (E.D. Cal. Mar. 13, 2018). But if the movant was denied summary judgement on qualified immunity grounds, there is an exception. Isayeva v. Sacramento Sheriff's Dep't, 872 F.3d 938, 944 (9th Cir. 2017) (citation omitted). Such exception exists because qualified immunity is "an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 512 (1985). As a result, a circuit court has jurisdiction over an interlocutory appeal to

1

"review a denial of qualified immunity where a defendant argues . . . that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law." Isayeva, 872 F.3d at 945.  Therefore, to present a reviewable issue with respect to qualified immunity on interlocutory appeal, "[t]he officials must present the appellate court with a legal issue that does not require the court to consider the correctness of the plaintiff's version of the facts. . . ." Cunningham v. City of Wenatchee, 345 F.3d 802, 807 (9th Cir. 2003) (internal quotations and citations omitted).

Usually an interlocutory appeal of an order denying qualified immunity on summary judgment "divests the district court of jurisdiction to proceed with trial, unless the district court certifies in writing that the appeal is frivolous, in which case it may proceed with trial." Centeno, 2018 WL 1305764, at *1 (quoting Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992)). "An appeal is frivolous if the results are obvious, or the arguments are wholly without merit." Id. (quoting U.S. v. Kitsap Physicians Serv., 314 F.3d 995, 1003 n.3 (9th Cir. 2002)) (citations omitted). Specifically, "the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side." Schering Corp. v. First DataBank, Inc., 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007) (internal quotations and citation omitted).

The Parties' Positions

Plaintiff's Motion

Plaintiff seeks an order certifying that defendant Johnson's interlocutory appeal is frivolous, arguing as follows.  Because the court's order denying summary judgment on qualified immunity is premised on disputed material facts, the issue is not immediately appealable. (ECF No. 283 at 3.)  This case is similar to Evans v. City of Vallejo, No. 2:17-cv-1619 TLN AC, 2022 WL 2160463 (E.D. Cal. June 15, 2022), where the district court certified defendants' appeal as frivolous based on conflicting versions of one of the defendant's conduct, finding "factual issues genuinely in dispute preclude[d] summary adjudication of the qualified immunity defense." Id. at *3. In support, plaintiff cites this court's finding that "there are material disputes of fact as to the culpability of defendant Johnson as to all three claims." (ECF No. 256 at 47:7-8.)  Specifically,

2

plaintiff points to the following conflicting facts, as identified by this court:

> Defendant presented evidence that plaintiff's mail could not be forwarded and notice could not be provided because the mailroom did not have plaintiff's address, defendant did not handle or process plaintiff's mail and did not know plaintiff was out to court or that his mail had been held for over seven months. Defendant Johnson also testified that defendant Nunez should not have held plaintiff's mail for so long, but should have found out where plaintiff was housed while out to court.

(ECF No. 256 at 47:8-14.)

> [P]laintiff adduced evidence that it was defendant Johnson's ongoing and intentional practice of holding mail for inmates who were out to court that directly caused the accumulation of plaintiff's mail for over seven months, and that such practice violated Title 15 regulations requiring that mail be "immediately" forwarded to inmates who are transferred away from the facility. Plaintiff also presented evidence that it was defendant Johnson's responsibility, as mailroom supervisor, to ensure that plaintiff's mail was forwarded to him while he was out to court.

(ECF No. 256 at 47:14-20.)  In light of these conflicting facts, defendant Johnson cannot challenge such factual assertions through an interlocutory appeal, and this court should certify that the appeal is frivolous.  (ECF No. 283 at 4.)

In addition, plaintiff will be unduly prejudiced if trial is delayed until after the appeal; the Ninth Circuit has noted district courts have the power to certify interlocutory qualified immunity appeals as frivolous because of concerns about disrupting and delaying trial court proceedings.  (ECF No. 283 at 5, citing Chuman, 960 F.2d at 105.)  According to the Ninth Circuit's website, oral argument on appeals typically occur between 12 and 20 months after a notice of appeal is filed; thereafter, the appellate court's opinion issues anywhere between 1.5 and 3 years later.  (ECF No. 283 at 5.)  Such additional delay is unduly prejudicial to plaintiff, who filed this action over ten years ago.  Aside from expending time and resources at the appellate court, such "frivolous appeal will negatively impact the ability of witnesses to recall pertinent facts at the trial, would reduce the value of [plaintiff's] remedies when considering the time value of the delay in trial, and would controvert the public interest in judicial economy and efficient resolution of litigation."  (ECF No. 283 at 5.)

////

Defendant Johnson's Opposition

In opposition, defendant argues that the appeal is not frivolous because the appeal does not challenge the factual disputes set forth by plaintiff. Rather, defendant's appeal is based on an argument that the district court misapplied the law with respect to qualified immunity. Even assuming plaintiff's factual assertions are true, there is no clearly established law that put defendant on notice that more or different actions were required because it is undisputed that plaintiff was temporarily "out to court," defendant did not know when plaintiff was to return, and the mailroom computer did not provide plaintiff's interim location. Moreover, even assuming defendant Johnson's practice related to out to court inmate mail violated Title 15 and as supervisor defendant was responsible to forward mail, there is no clearly established law to put defendant on notice that such actions or omissions violated the Constitution.

Further, there is no clearly established law that sets forth "what a mailroom supervisor is constitutionally required to do with inmate mail when (1) an inmate is out to court from his permanent institution, and (2) the institution lacked readily ascertainable information about his location." (ECF No. 284 at 3, citing ECF No 256 at 14, 15, 17-18.) The lack of such applicable case law is set forth in detail in Norton v. Hallock, 2018 U.S. Dist. LEXIS 185951, at *19, 2018 WL 5629345, at *5-6 (N.D. Cal. Oct. 29, 2018). Similarly, plaintiff failed to cite any authority in opposition to summary judgment that squarely governed the set of facts at issue here -- none of the cases cited discussed a mailroom supervisor's constitutional obligations when an out to court inmate receives mail and his current address is not readily ascertainable, or what steps are required to determine the inmate's whereabouts. Also, the district court failed to resolve the questions of fact in plaintiff's favor and then determine whether the law was so clearly established that the defendant would know that his actions or omissions would violate the Constitution. (ECF No. 284 at 3, citing Isayeva, 872 F.3d at 945-46.) "If it had, it would have concluded that the law is not settled and there was no clear direction to guide defendant when determining what investigation was required in order to avoid a constitutional violation." (ECF No. 284 at 3.) Thus, appellate review is appropriately sought.

////

Finally, defendant contends plaintiff will not be unduly prejudiced by defendant's appeal because all relevant witnesses have been deposed, preserving their testimony for trial. On the other hand, defendant will be prejudiced if the issue of qualified immunity is not decided on the interlocutory appeal because it will deprive him of his immunity from trial. Mitchell, 472 U.S. at 526 ("the immunity is effectively lost if a case is erroneously permitted to go to trial.").

Plaintiff's Reply

First, plaintiff objects that defendant's opposition fails to address key, material facts that are in dispute, choosing instead to focus on only the very few facts on which the parties agree. Plaintiff identifies disputes of fact that are not questions over whether defendant Johnson's conduct was reasonable under existing case law:

> (1) was it Defendant Johnson's "ongoing and intentional practice of holding mail" that directly caused the accumulation of Mr. Penton's mail for over seven months or was it Defendant Jolene Nunez's responsibility as she "should have found out where [Mr. Penton] was housed while out to court;" (2) was Mr. Penton's mail withheld because Defendant Johnson's practice violated Title 15 regulations or could his mail "not be forwarded and notice could not be provided because the mailroom did not have [Mr. Penton]'s address;" and (3) did Defendant Johnson's mailroom policies ensure that Mr. Penton's mail was not forwarded to him while he was out to court or does Defendant Johnson lack culpability because he "did not know [Mr. Penton] was out to court."

(ECF No. 286 at 2, quoting ECF No. 256 at 47:8-20.) Because such disputes involve defendant Johnson's specific conduct, plaintiff contends the district court's order is not subject to an interlocutory appeal. (ECF No. 286 at 3, citing Eng v. Cooley, 552 F.3d 1062, 1067 (9th Cir. 2009).

Second, plaintiff argues that defendant cannot provide any tenable basis to overturn the district court's decision, ignoring the cases cited by both plaintiff and the court concerning the delivery of mail to prisoners, and "retreads" Norton, which was rejected by the district court. (ECF No. 286 at 3, citing ECF No. 256 at 41:15 ("The undersigned is not persuaded that Norton, 2018 WL 5629345, is dispositive.").) "Defendant Johnson's narrow insistence that there must be controlling authority that 'squarely govern[s] the set of facts at issue here' [ECF No. 284 at 3:9] misconstrues the precise qualified immunity analysis required by the Supreme Court." (ECF No.

5

1  286 at 3.)  The Supreme Court does not require a plaintiff to find a case where the exact actions

2  taken by the defendant were found to violate the constitution; rather, it is only required "that 'a

3  reasonable official would understand that what he is doing violates that right' based on existing

4  case law."  (ECF No. 286 at 4, quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987).

5  Finally, plaintiff contends defendant failed to rebut the Ninth Circuit's concern that if

6  district courts fail to check interlocutory appeals, "such appeals "could significantly disrupt and

7  delay trial court proceedings."  Chuman, 960 F.2d at 105.  In addition, "live testimony better

8  enables the jury to adjudge the credibility of a witness and therefore to determine the weight and

9  import ascribed to the witness's testimony."  Planned Parenthood of the Columbia/Willamette,

10  Inc. v. Am. Coal. of Life Activists, 290 F.3d 1058, 1118 (9th Cir. 2002).  Plaintiff contends that if

11  trial is delayed for up to three years, witnesses could be difficult to locate and memories could

12  fade; such delay would unduly prejudice plaintiff.  (ECF No. 286 at 5.)

Discussion

The undersigned is persuaded that defendant's appeal is frivolous.  Defendant attempts to very narrowly define the specific context of this case for purposes of evaluating qualified immunity.  But such a narrow definition is inappropriate.  See Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.") Gordon v. Cnty. of Orange, 6 F.4th 961, 969 (9th Cir. 2021) ("a regime under which rights are deemed clearly established only if the precise fact pattern has already been condemned").

It is clearly established law that prisoners have a right to receive mail, a right to access the courts, and a right to notice if their mail is being withheld.  Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (prisoners have a First Amendment right to send and receive mail); Lewis v. Casey, 518 U.S. 343, 346 (1996) (under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts); Procunier v. Martinez, 416 U.S. 396, 417-18 (1974) (holding "that the decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards."); Frost v. Symington, 197 F.3d 348, 353-54 (9th Cir. 1999) (a prisoner "has a Fourteenth Amendment due process liberty interest in receiving

notice that his incoming mail is being withheld by prison authorities.")  Before the court is able to identify the contours of all three of plaintiff's claims for purposes of qualified immunity, there are material disputes of fact as to the culpability of defendant Johnson in his role as mailroom supervisor that the jury must determine before the court can rule on qualified immunity.

As argued by plaintiff, this court already identified such clearly established law in evaluating all three of plaintiff's claims (ECF No. 256 at 22-24, 25, 31.)  As to the right to receive mail, if defendant Johnson's practice was responsible for withholding plaintiff's mail, defendant's actions constituted deliberate indifference.  (ECF No. 256 at 22-24.)  If defendant Johnson is responsible for failing to provide plaintiff notice that his mail was withheld, defendant "violated plaintiff's due process right to notice." (ECF No. 256 at 25:17-18.)  Finally, if defendant Johnson's practice was "the proximate cause of" plaintiff's inability to access the courts, defendant's "intentional conduct violate[d] the prisoner's right of access to the courts."  (ECF No. 256 at 31:10-17.)  Thus, the culpability of defendant Johnson must be determined before the issue of qualified immunity can be assessed.

Finally, the undersigned agrees that plaintiff will be prejudiced by the further delay involved in defendant's interlocutory appeal.  This action was filed in 2011, and awaiting resolution of the interlocutory appeal would significantly delay trial in this matter.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to certify defendant's appeal as frivolous (ECF No. 283) be granted;

2. Defendant's interlocutory appeal (ECF No. 279) be certified as frivolous;

3. The Clerk of the Court be directed to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit, referencing Case No. 22-15665; and

4. This matter be remanded to the undersigned for further scheduling.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pent0518.app.friv