LONGYEAR, LAVRA & CAHILL, LLP
Van Longyear, CSB No.: 84189
Nicole M. Cahill, CSB No.: 287165
555 University Avenue, Suite 280
Sacramento, CA 95825
Phone: 916-974-8500
Facsimile: 916-974-8510
Emails: longyear@longyearlaw.com
   cahill@longyearlaw.com

Attorneys for Defendant,
L. Johnson

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| ANTHONY PENTON, | Case No.: 2:11-CV-00518-DJC-KJN |
| Plaintiff, | **STIPULATION AND ORDER TO STAY ENFORCEMENT OF JUDGMENT AND WAIVE BOND** |
| vs. | |
| L. JOHNSON, JAMES WALKER, TIMOTHY V. VIRGA, BRYAN DONAHOO, NUNEZ, J.R. BRADFORD, K. POOL, R. MORROW, R. GADDI, LE'VANCE ANTHONY QUINN, LYNCH, G. SALAS, BEZZANES, AND DOES 1 THROUGH 13, | |
| Defendants. | |

   Plaintiff Anthony Penton ("Plaintiff") and Defendant Layton Johnson, Jr. ("Defendant") (jointly, the "Parties") respectfully submit this stipulation regarding a stay of enforcement of the judgment.

   This case was tried to a jury in September of 2023.  (ECF Nos. 354, 356, 364.)  On September 20, 2023, the jury returned a verdict in favor of Plaintiff and awarded compensatory damages in the amount of $475,000.  The jury did not award punitive damages.  (ECF No. 362-1.)  Defendant filed a notice of appeal on August 7, 2024.  (ECF No. 402.)

/ / /

/ / /

/ / /

Plaintiff filed an application for writ of execution on September 3, 2024.  (ECF No. 408.)  The writ was entered on September 18, 2024.  (ECF No. 409.)  Defendant filed a motion to stay enforcement of the judgment pending appeal and to waive supersedeas bond on October 1, 2024.  (ECF No. 410.)  Plaintiff's motion for attorney's fees was heard October 3, 2024.  (ECF No. 413.)  At the hearing, the Court issued an order staying enforcement of the judgment pending a resolution of Defendant's motion to stay.  (ECF No. 413.)  After discussion amongst counsel, the Parties desire to stipulate to a stay of enforcement of the judgment without supersedeas bond pending resolution of the appeal.

Rule 62(b) permits the Court to stay execution of a judgment pending appeal.  Fed. R. Civ. P. 62(b).  The purpose is to "preserve the status quo" pending a decision by the appellate court.  *See Vacation Vill., Inc. v. Clark Cty. Nev.*, 497 F.3d 902, 914 (9th Cir. 2007) (analyzing the former Rule 62(d), now Rule 62(b)).  Eastern District Local Rule 151(d) requires a supersedeas bond of 125 percent of the judgment "unless the Court otherwise orders."  E.D. Local Rule 151(d).  However, district courts maintain "inherent discretionary authority" to set the requirements for supersedeas bond.  *Rachel v. Banana Republic, Inc*., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

Based on the attached declaration by Julie H. Sobel ("Exhibit A"), providing that Defendant will be indemnified by the State of California/California Department of Corrections and Rehabilitation, for the judgment in this case, which includes any award of Plaintiff's attorneys' fees and costs addressed by Plaintiff's currently pending motion, the Parties hereby stipulate to a stay of enforcement of the judgment in this case pending resolution of the appeal.  Further, the Parties stipulate to a stay of enforcement without supersedeas bond.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

It is so stipulated:

Dated: October 15, 2024                    LONGYEAR, LAVRA & CAHILL, LLP


                                    By:   /s/ Nicole M. Cahill
                                          VAN LONGYEAR
                                          NICOLE M. CAHILL
                                          Attorneys for Defendant,
                                          L. Johnson


Dated: October 15, 2024                    SIMPSON THACHER & BARTLETT LLP



                                    By: /s/ Pierce A. MacConaghy[as authorized on 10-15-24]
                                          HARRISON J. FRAHN IV
                                          JONATHAN C. SANDERS
                                          HILARY CHI WING WONG
                                          PIERCE A. MACCONAGHY
                                          Attorneys for Plaintiff,
                                          Anthony Penton

## <u>ORDER</u>

Enforcement of the judgment in this case is STAYED pending resolution of the appeal, including any award of Plaintiff's attorneys' fees and costs addressed by Plaintiff's currently pending motion.  Further, the Parties stipulate to a stay of enforcement without supersedeas bond.  In light of the parties' stipulation, Defendant's Motion to Stay Enforcement of Judgment and Waive Bond, ECF No. 412, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:  October 16, 2024                   /s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE